COOK, Justice
(dissenting).
On August 28, 1998, this Court, without issuing an opinion, affirmed a summary judgment for the defendants. See Rule 53, Ala. R. App. P. I concurred in the order of affirmance. The trial court had based the summary judgment on a holding that the actions of Nathaniell Dillard, the decedent, constituted contributory negligence as a matter of law. However, on application for rehearing, with further reflection and study of the facts in this case and cases interpreting the rule of contributory negligence as it relates to accidents occurring at railroad crossings, I conclude that the-trial court’s summary judgment was not supported by the law and the evidence.
On February 19, 1993, Nathaniell Dillard’s truck and a Norfolk Southern Railway train collided at the DeArmanville crossing; the accident resulted in Dillard’s death. Dillard’s widow, individually and as personal representative of Dillard’s estate, sued Norfolk Southern and its engineer, alleging negligence or wantonness in regard to the accident. The trial court entered a summary judgment for Norfolk Southern and its engineer on all claims.
The evidence indicates the following about Dillard’s accident and about the DeArmanville crossing on the date of the accident: Near this crossing, DeArmanville Road runs east-west, parallel with the tracks of the Norfolk Southern Railway, until it curves right at a 90-degree angle shortly before the crossing; the train approached the crossing from behind Dillard (traveling east); Dillard slowed to approximately 5 mph before crossing the tracks; the train engineer could not see tíillard inside his truck from the train; there were several trees in the direction from which the train was approaching; a witness who was nearby said he heard no train whistle before the accident;[1] and a “STOP” sign was located in the 90-degree curve 40 feet from the crossing. Dr. William D. Berg, an accident reconstructionist and highway and grade-crossing engineer, submitted an affidavit in which he said he had concluded that if Dillard had stopped at the stop sign about 40 feet from the crossing, or had slowed to 3-5 mph at the stop sign, even so the sight distance to the right was so limited by obstructions that he probably could not have seen the approaching train.
Based on a review of the evidence presented, including photographs depicting the “Stop” sign, which is located in such a manner that Dillard would have had to look behind him to see an oncoming eastbound train, I cannot agree that, as a matter of law, Dillard was negligent or failed to exercise reasonable care. A rea^ sonable juror could find, based on the substantial evidence presented, that Dillard would not have been able to detect the oncoming train.
Three years ago, this court decided a railroad-crossing case where the issue was, as it is in this case, whether the motorist was contributorily negligent, as a matter of law, in failing to stop before attempting to cross the tracks. The motorist was killed-in a collision with a freight train. The evidence depicted a sharp curve near the *454 Crossing. Testimony from the plaintiffs expert indicated that the “dynamics of the crossing” made it hazardous. This Court stated, in concluding that the trial court properly submitted the question of contributory negligence to the jury:
“The issue of contributory negligence is generally one to be determined by a jury. The plaintiffs expert testified that the dynamics of the crossing made it a hazardous one. His testimony created a jury question as to whether [the motorist’s] failure to stop was the result of negligence on his part, or whether, even if he had tried to stop, he would have been in a nonrecovery zone. Given the testimony at trial and considering that testimony in light of the instructions given to the jury, we conclude that the trial court properly submitted the issue of contributory negligence to the jury.”
Norfolk S.R.R. v. Thompson, 679 So.2d 689, 693 (Ala.1996). (Citation omitted.)
Considering the facts of this case in the light most favorable to the plaintiff, as a court is required to do on a defendant’s motion for summary judgment, I likewise conclude that the evidence creates a question of fact as to whether Nathaniell Dillard was contributorily negligent. This question of fact should have precluded the entry of a summary judgment. I therefore respectfully dissent from the order overruling the plaintiffs application for rehearing.
JOHNSTONE, J., concurs.

. Affidavit of Tommy Eugene Gee.